541 S.E.2d 538

**In the Matter of Ronald Lawrence NESTER, Sr., Respondent.**

No. 25234.

Supreme Court of South Carolina.

Submitted Dec. 7, 2000.

Decided Jan. 16, 2001.

Henry B. Richardson, Jr. and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and con-

sents to a public reprimand. We accept the Agreement and impose a public reprimand. The facts as admitted in the Agreement are as follows.

## *Facts*

Respondent attached a voice activated tape recorder to the telephone at his residence. Over a period of several weeks, respondent recorded all telephone calls to and from his house without knowledge and consent of the parties. This resulted in the recording of several conversations in which respondent was not a party.

Respondent failed to reveal the existence of these audio tapes during the discovery portion of domestic litigation between respondent and his estranged wife. Respondent submitted a "self-report" to Disciplinary Counsel in which he failed to disclose that he recorded conversations with anyone other than his wife.

## *Law*

By his conduct, respondent has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6)(violating the oath of office taken upon admission to practice law in this state).

Respondent has also violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.4 (unlawfully obstructing another party's access to evidence); Rule 8.1 (knowingly making a false statement of material fact, failing to disclose a fact needed to correct a misapprehension, or failing to respond to a lawful demand for information regarding a disciplinary matter); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

### *Conclusion*

Respondent has fully acknowledged that his actions were in violation of the Rules of Professional Conduct. Moreover, he has not been previously sanctioned for misconduct. We therefore accept the Agreement for Discipline by Consent and reprimand respondent for his conduct in this matter.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.